UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT LEE LONG, JR.,

        Petitioner,

-vs-                                    Case No.  8:13-CV-863-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

        Respondent.
_____/

## ORDER

      Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a "Motion of Petitioner's Petition of Unlawful, Unconstitutional of a Manifestation of Injustice of Detainment" (Dkt. 3) which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition").  Petitioner did not use a copy of the court-approved form for petitions filed pursuant to § 2254.  Also, he did not pay the $5.00 filing fee or file a request to proceed *in forma pauperis*, one of which is required to be done within thirty (30) days of the commencement of the action.  *See* Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida.

      Use of a prescribed form benefits both the Court and the Petitioner in terms of accuracy, time-savings, and administrative convenience.  As the commentary to the rules governing § 2254 cases explains, courts that have a large volume of habeas actions save

valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions. Rule 2 advisory committee's note, Rules Governing Section 2254 Cases (2011).

Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner and avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise therein.  This savings is lost when, as here, the Petitioner fails to use the form.

Therefore, in light of the administrative benefits to the Court and Petitioner derived from its use, Petitioner will be required to submit an amended § 2254 petition on the enclosed court-approved form.  Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts which support the claim.  Mere references to claims raised in documents filed in state court proceedings will not suffice.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner shall, on or before **May 8, 2013**, file an amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim. Petitioner shall provide the Court with a copy of the amended petition for the named Respondent.

2.      Petitioner shall, upon filing of his amended petition, either submit the $5.00 filing fee or complete and file the **enclosed** Affidavit of Indigency.

3.      The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case and one Affidavit of Indigency form with Petitioner's copy of this order.

4.      Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.[1]

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[1]Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review <u>does not</u> toll the one-year limitation period under § 2244(d)(2)).

3